UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY LEE WRIGHT,

     Petitioner,

v.

CHRIS KING,

     Respondent.

Case No. 26-cv-11078

Honorable Robert J. White

---

**ORDER DENYING WITHOUT PREJUDICE
PETITIONER'S MOTION TO STAY**

---

On March 27, 2026, Petitioner Troy Lee Wright, currently confined at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). Wright also filed a motion to stay this proceeding and to hold the petition in abeyance. (ECF No. 2). For the reasons explained below, the motion will be denied.

I. Background

Following a jury trial in Saginaw County Circuit Court, Petitioner was convicted of second-degree murder, Mich. Comp. Laws § 750.317; assault with intent to murder, Mich. Comp. Laws § 750.83; carrying a dangerous weapon with unlawful intent, Mich. Comp. Laws § 750.226; and three counts of possession of a

firearm during the commission of a felony, Mich. Comp. Laws § 750.227b(1). *People v. Wright*, No. 354247, 2022 WL 879524, at *1 (Mich. Ct. App. Mar. 24, 2022). The trial court sentenced Petitioner to 30 to 50 years for second-degree murder, 25 to 40 years for assault with intent to murder, and two years for each felony-firearm conviction. On March 24, 2022, his convictions were affirmed on appeal. *Id.* Petitioner filed an application for leave to appeal the Michigan Court of Appeals' decision, but the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed by [the Michigan Supreme Court]." *People v. Wright*, 979 N.W.2d 847 (Mich. Oct. 4, 2022).

Publicly available records for Saginaw County's Circuit Court show that Petitioner filed a motion for relief from judgment in the trial court on January 24, 2023. The motion was denied on February 8, 2024. On March 4, 2025, the Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision. *People v. Wright*, No. 371845 (Mich. Ct. App. March 5, 2025). The Michigan Supreme Court also denied leave to appeal, *People v. Wright*, 21 N.W.3d 887 (Mich. June 27, 2025), *recons. den.*, 25 N.W.3d 351 (Mich. Sept. 26, 2025)

On March 31, 2026, just a few days after filing the pending petition, Petitioner filed a motion for restoration of appellate rights pursuant to Mich. Ct. R. 6.428 in the trial court. The trial court has not yet decided the motion.

II. <u>Discussion</u>

Petitioner has moved to hold the petition in abeyance because his motion for restoration of appellate rights is pending in the trial court.  A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances," such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

In this case, Petitioner states that the claims raised in the petition were exhausted in state court, and the limited record before the Court supports that assertion.  He nevertheless requests a stay based on the pending state court motion "because should the trial court rule in a manner inconsistent with [the] original sentence then Petitioner reserves the right to appeal the trial court's decision so as to fully exhaust his available relief in the state courts." (ECF No. 2, PageID.30). Petitioner offers no further details.  He does not explain why he seeks restoration of his state appellate rights or identify any additional claim he intends to raise in state court.  Nor does he allege facts demonstrating that he has a potentially meritorious

3

unexhausted claim or that he is not engaging in dilatory tactics. He therefore fails to sufficiently allege or establish that a stay and abeyance is warranted under the *Rhines* factors. The motion for a stay will be denied without prejudice to Petitioner filing another motion that fully explains the circumstances of the state court proceeding and how it concerns the existence of a potentially meritorious claim.

III. Conclusion

Accordingly, the Court DENIES WITHOUT PREJUDICE Petitioner's motion to stay.

SO ORDERED.

Dated: April 14, 2026

s/Robert J. White
Robert J. White
United States District Judge